IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNATHAN WALKER,

    Plaintiff,                    No. 2:12-cv-2374 JFM (PC)

    vs.

SOLANO COUNTY JAIL OFFICER
DAVID AMICUCCI,                    ORDER AND

    Defendants.            FINDINGS & RECOMMENDATIONS

                              /

          Plaintiff is an inmate at the Solano County Jail proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on a claim of excessive force raised against a correctional officer defendant named in plaintiff's original complaint. This matter is before the court on defendant Amicucci's motion to dismiss failure to exhaust administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a). Plaintiff opposes the motion.

          On October 26, 2012, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Wyatt, 315 F.3d at 1115, 1120 n.14.

> "Section 1997e(a) of Title 42 of the United States Code provides:
> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.
>
> This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. Defendant has the burden of proving that plaintiff failed to exhaust available administrative remedies. See Wyatt, 315 F.3d at 1120.

In support of the motion to dismiss, defendant has presented evidence that the Solano County Jail has a two step grievance procedure, as follows:

> There is an inmate grievance system at the Solano County jail.
> Under this system, an inmate may file a grievance regarding
> custody treatment, medical treatment, jail policies and procedures,
> or any other related matter. The grievance must be submitted
> within three days of the incident or circumstance being grieved.
> There are two levels to the inmate grievance system. At the first
> level, an inmate gives the grievance to the floor officer. The
> grievance is then routed to the supervisor who supervises the area
> in question. If the inmate is displeased with the response he
> receives, he may appeal the grievance to the second level. At the
> second level, the grievance is routed to the facility commander or
> his designee for investigation and the preparation of a response. A
> decision at the second level of review exhausts an inmate's
> administrative remedies. The responses at both the first and second
> level are written on a computer-generated document entitled
> "Grievance Detail for Grievance Number: ____". A copy of the
> grievance detail, with the response, is provided to the inmate.

Declaration of Sergeant Raymos in Support of Defendant Amicucci's Motion to Dismiss, filed November 28, 2012 (Raymos Decl.) (ECF No. 10-3) at ¶ 3. It is undisputed that plaintiff filed a grievance at the first level of review, and that he did not pursue the grievance to the second level of review. Raymos Decl. at ¶¶ 4-6; Plaintiff's Opposition, filed January 22, 2013 (ECF No. 15).

Plaintiff's grievance was denied at the first level as follows:

> In response to your grievance # 12001100 dated 6/27/2012
> grieving that you were hit in the head with an officers [sic] baton
> several times. This incident happened well over a month ago.

> Please read and follow the instructions on the grievance in the future i.e.; within 3 days of the incident. Because this incident has been investigated already and the amount of time that has elapsed since the incident I find this grievance unfounded.

Ex. A to Raymos Decl. (ECF No. 10-4) at 3. In his opposition, plaintiff asserts that he did not appeal to the second level of review because the first grievance had been denied as untimely and he "new [sic] that response would not change" at the second level of review. Plaintiff's Opposition at 1. Plaintiff also contends that he "did not have knowledge of the time limit required to file a grievance because" he did not receive a "rule book" when he arrived at the Solano County Jail. Id. at 2.

As set forth above, plaintiff's grievance was denied by a correctional sergeant who found the grievance "unfounded." Ex. A to Raymos Decl. (ECF No. 10-4) at 3. The basis for that finding was twofold: because the incident had already been investigation and because of the amount of time that had elapsed. Id. (emphasis added). Plaintiff's belief that the result would not change at the second level of review does not excuse his failure to proceed further with the grievance. Cf. Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (remedies exhausted despite failure to pursue grievance where California Department of Corrections and Rehabilitation grievance form provided that appeal could not be taken from grievance screened out as untimely unless inmate disputed reason given for screening out grievance.)

Nor does the alleged failure to be provided a "rule book" excuse plaintiff's failure to exhaust administrative remedies in this case. First, the denial of the grievance was made both on the ground that it was untimely and on the ground that an investigation had been completed. Plaintiff was instructed to follow the timelines in the future, but his grievance was not rejected solely for lack of timeliness. Moreover, the grievance form plaintiff completed specifically provides that "every attempt will be made to resolve your grievance at the lowest possible level; however, it may be necessary to bring your grievance to a higher level for resolution." Ex. A to Ramos Decl. at 2. The form also describes two levels of review, Level 1 for the Watch

Supervisor and Level 2 for the Facility Commander. Id. While nothing on the form specifically advises inmates of the timeline for filing a grievance at the second level of review, plaintiff did not attempt to do so and any alleged lack of knowledge concerning the precise timeline for doing so is irrelevant.

For all of the foregoing reasons, this court finds that plaintiff failed to exhaust administrative remedies prior to filing this action as required by 42 U.S.C. § 1997e(a). The action must therefore be dismissed without prejudice. See Wyatt, 315 F.3d at 1120.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' November 28, 2012 motion to dismiss be granted;

2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 16, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12
walk2374.mtd